De Haven, J.
On November 8, 1889, in the superior court of Los Angeles County, the defendant herein obtained a judgment against the plaintiff in this action for the recovery of the possession of a certain lot of lumber, or in case a delivery thereof could not be had, then for its value, found to be $1,000, and also for $250 damages, and costs of the action.
This action is brought to enjoin the enforcement of said judgment for damages, and also the alternative part for the value of the lumber. The court below rendered judgment enjoining the defendant from collecting the said sum of one thousand dollars, and requiring him *315 to satisfy the judgment to that extent. The defendant appeals.
The court below found, and indeed the fact is not denied in the answer, that during the pendency of the action brought by the defendant against the plaintiff, but after issue joined therein, the plaintiff returned to the defendant all of the lumber sued for. It also appears that during the trial, which resulted in the judgment referred to, the plaintiff herein offered to show this fact, but the court held the evidence inadmissible under the pleadings.
The findings further show that after the rendition of said judgment, and within the time allowed by law to move for a new trial, the attorney for the defendant in that action agreed with the plaintiff’s attorney therein that upon payment of $150 and costs, the said judgment should be satisfied, and that relying upon this agreement, the plaintiff herein did not move for a new trial, and that after the time to move for a new trial had elapsed, the attorney for the defendant refused to accept the said sum agreed upon, and to satisfy said judgment.
1. Upon the facts above stated there can be no doubt that it would be an act of gross injustice upon the part of appellant to enforce the collection of the alternative judgment for one thousand dollars, and there can be as little doubt that it is within the power of a court of equity to prevent it. As already stated, the court below finds, and the defendant does not deny, that before the rendition of the judgment the plaintiff had in fact returned to him the lumber sued for, and that he has used and sold the same. This being so, the judgment, in so far as it awarded to the defendant here the right to recover said lumber, or its value if no delivery could be had, has already been satisfied. That judgment, 'm the form in which it was entered, was in accordance <nth former decisions of this court. (Berson v. Nunan, 63 Cal. 550; Arzaga v. Villalba, 85 Cal. 195; Brichman v. Ross, 67 Cal. 606.) But although the judgment was in that form, it did not entitle appellant to both property *316 and value. It affirmed Ms right to the possession of the property, and was in legal effect an adjudication that the plaintiff here wrongfully detained it from him at the date of the commencement of that action, and that since then he had acquired no right to retain its possession from the appellant.
In Arzaga v. Villalba, 85 Cal. 195, this court said: “ But the judgment must always be in the alternative. Even when the possession not only can be but has been delivered (under provisional process), the judgment must nevertheless be for the recovery of the property, or its value in a specified sum in case possession cannot be had. (Berson v. Nunan, 63 Cal. 552; Brichman v. Ross, 67 Cal. 606.) And it by no means follows that the plaintiff is to have both the property and its value. So far as this part of the judgment is concerned, it is for one thing or the other, not both; and if possession has already been delivered to the plaintiff, the court would not allow him to proceed with his execution for that part of the judgment.”
It makes no difference in the application of this rule, that in the former action between plaintiff and defendant the property sued for was voluntarily delivered to the defendant here, and not under provisional process in that action
The only effect of this difference in the Way the lumber was returned is in the nature of the evidence by which the fact of such previous delivery is shown to the court. But the fact, when once made to appear, has the same force in both cases.
All that the defendant was entitled to by his judgment was either the property or the value, and not both; and having the lumber in his possession, equity, treating that as done which ought according to justice to be done, will consider that the defendant received the same in satisfaction of his judgment, and will enjoin its further execution.
2. But on the other hand, if it should be assumed that the judgment has the effect claimed for it by appel *317 lant, and that the previous return of the lumber does not operate as a satisfaction of any part of it, then upon the facts alleged, the plaintiff here was entitled to the injunction obtained, on account of the agreement of appellant’s attorney to accept $150, and cause the judgment to be satisfied. The court finds that this agreement was made, and that, in consequence, the plaintiff neglected to move for a new trial of the action, and that appellant’s attorney repudiated the agreement after the time to move for a new trial had expired. It must be presumed that by reason of this conduct of appellant’s attorney the plaintiff was deprived of the substantial right to have the judgment set aside, and a new trial of the action, for it cannot be supposed that this motion would have been denied if the granting thereof was necessary in order to work that justice which is sought in this action. It may be true that this agreement was not put in such form that it could be enforced, and that the attorney had no authority, as such, to release the judgment for the sum agreed upon. But this is not an action to enforce the agreement, but it is to prevent the appellant from retaining the benefit of an unfair advantage, obtained by the representations and assurances of his attorney, and which would be an act of fraud upon the part of the appellant to retain, with knowledge of the facts.
“ Fraudulent conduct and deceitful representations upon the part of plaintiff in an action at law, by means of which defendant, having a meritorious defense, is prevented from interposing it, afford frequent ground for application for the aid of an injunction to restrain the enforcement of judgments thus fraudulently obtained.” (High on Injunctions, sec. 199.)
And the same rule must necessarily obtain where, by reason of such conduct of his adversary, a party has lost the right to move for a new trial.
“ It is also to be noticed, in connection with the jurisdiction of equity in restraint of judgments upon the ground of fraud, that the cases in which the relief is *318 granted are not limited to those where the fraudulent representations are those of plaintiff in person, but that the fraudulent conduct of plaintiff’s attorney in the case may afford sufficient ground for enjoining a judgment which is. obtained by means of such fraud.....So where defendant in the judgment shows a good equitable defense thereto, which he was prevented from making by relying upon the representations of the solicitors for plaintiff in the action, proceedings under the judgment may properly be enjoined.” (High on Injunctions, sec. 202. For cases illustrative of this rule, see Holland v. Trotter, 22 Gratt. 136; Kent v. Richards, 3 Md. Ch. 392.)
In failing to move for a new trial, under the circumstances here disclosed, the plaintiff was not guilty of such negligence as to deprive him of the right to appeal to a court of equity to restrain the defendant from reaping the full fruits of the broken agreement of his attorney, and to permit which would be a fraud on plaintiff, and a reproach to the law and to the courts administering it. ,v. ,
Upon both of the grounds here discussed, the judgment appealed from is right.
3. The remedy by injunction was proper in this case, even conceding that the court in which the judgment was rendered might have the power to grant the same relief upon motion to stay the execution. (Crawford v. Thurmond, 3 Leigh, 85.) Besides, the defendant waived any objection to the remedy by answering, without first moving to dismiss the action, on the ground that plaintiff should have proceeded by motion. (Wood v. Currey, 49 Cal. 359.)
Judgment affirmed.
McFarland, J., Paterson, J., Harrison, J., and Beatty, C. J., concurred.